BOLIN, Judge.
This is a suit for damages for personal injuries and related special damages suffered when Leonard P. Winzer, Jr., aged seven, ran from a sidewalk into a heavily traveled street in Shreveport and was struck by a car driven by Pecóla Kidd, insured by defendant insurance company. The accident occurred at approximately 6:59 p. m., on June 10, 1963, during daylight hours. This appeal is from judgment rejecting plaintiff’s demands.
Plaintiff presented six witnesses who claimed they saw the accident from their respective residences near the scene of the *927 occurrence; that they observed defendant driver, who in their opinion was driving too fast, otherwise she would have been able to avoid the accident. Opposed to this view was the testimony of a witness for defendants, John C. Able, Jr., a passenger in the front seat of an approaching vehicle which at the time of the accident was almost directly opposite the point of impact. Mr. Abie’s testimony is clear and definite that the boy suddenly darted into the street and ran into the right front of the Kidd vehicle which was being driven at a rate which he estimated was not in excess of twenty miles per hour. His testimony was corroborated to some extent by a city police officer who investigated the accident.
It must be conceded that when a motorist is in a locality where the presence of children reasonably should be anticipated, he has a duty to keep a strict lookout and to operate his car at a speed commensurate with the danger involved, and if injuries occur from lack of such care, the driver may be guilty of actionable negligence. See Rainwater v. Boatright et al (La.App. 2 Cir., 1952) 61 So.2d 212 and Danna v. London Guarantee & Accident Company (La.App. 2 Cir., 1962) 147 So.2d 739.
 However, it is equally well settled that a motorist is not the insurer of the safety of children and, under ordinary circumstances, is not required to anticipate the appearance of children in his path from behind parked automobiles or other obstructions. Therefore, when a motorist is proceeding upon a street at a lawful speed and is obeying the laws and regulations for the operation of his vehicle, the driver is not generally liable for injuries received by a child who darts in front of the machine so suddenly the driver cannot stop or otherwise avoid injuring the child. See Bechtold v. Commercial Standard Insurance Co. (La.App. 2 Cir., 1947) 31 So.2d 894.
In his written reasons for judgment the trial judge commented on the testimony of the many witnesses and concluded, in effect, that the accident, while unfortunate, was unavoidable. From our review of the record we are unable to find error in our esteemed colleague’s conclusions.
The judgment appealed from is affirmed at appellant’s cost
Affirmed.