GLADNEY, Judge.
Recie Mae Wilson, individually and as natural tutrix for her six year old daughter, Regina, brought this action for recovery of damages sustained by the child in an automobile accident. The case was tried on its merits and resulted in a judgment rejecting plaintiff’s demands. She has appealed.
The accident occurred during the early part of the afternoon of August 20, 1964 on Hollywood Avenue a few feet west of the intersection of Wallace Street in the City of Shreveport. Hollywood is a four-lane thoroughfare and is heavily traveled. A panel truck owned by Hearne Dry Goods Company and insured by Aetna Casualty and Surety Company was being driven west in the inside or southern lane for west-bound traffic by Willie Taylor. Just as the truck passed the intersection of Wallace Street the little girl was injured when she came into contact with the vehicle near its right rear wheel. The point of impact between the child and the vehicle was fixed at some eight to fifteen feet west of Wallace Street.
Taylor testified he observed the child when she collided with the rear part of his truck and he brought it to a stop immediately. At the time Regina Wilson was injured she was attempting to cross Hollywood from the north to the south. After being struck the child got up from the street and ran and was caught by Taylor.
Negligence is charged against Taylor in failing to observe the child, in failing to take the utmost precautions as to enable him to stop in the event the child moved into his path, in driving at an excessive rate of speed, in failing to keep his car under con *219 trol, and in failing to yield the right-of-way to a crossing pedestrian.
The trial court held plaintiff failed to •establish her case by a preponderance of the ■evidence. Timothy Walker and Barbara Jean Clarkson testified in plaintiff’s behalf. Walker testified that he was standing on the northeast comer of Hollywood and Wallace Streets and observed the little girl across Wallace Street from him; that she looked in both directions and then started running across Hollywood and that the right front fender hit her. Barbara Jean Clark-son testified that she was on the southeast corner of Hollywood at Wallace and saw Regina run into the street and the truck struck' her. However, upon cross examination it became clear that neither of these witnesses actually saw the little girl when :she was struck. Manifestly, their testimony was reconstructed from opinions of what they thought happened. Mrs. C. E. Cowser •and Mrs. Wanda Hinson, who were traveling in an automobile some sixty feet behind the Hearne truck gave testimony that completely refuted the testimony of Timothy Walker and Barbara Jean Clarkson. These witnesses, who were in the best position to ■observe the accident, testified Regina Wil■son ran from the curb into the street after •the truck was so close the driver of the Hearne track could not have averted the accident, although he was driving at a mod-érate speed. Willie Taylor testified that he •observed a little girl standing on the corner •of Wallace and Hollywood when two blocks away but he paid no further particular attention to her. As he intended to turn right off Hollywood into the street beyond Wallace Street, he started slowing •down, and just after crossing Wallace Street he looked in his rear view mirror just in time to see the little girl ran into the side of his truck. He applied his brakes and stopped immediately within fifteen feet from the point of impact.
Our well-settled jurisprudence holds a motorist to a high degree of care when he knows, or should know, that small children are in his immediate vicinity, particularly when the children are not under the care of an older person. But a motorist is not the insurer of the safety of such children and whether or not fault exists on his part depends upon the facts and circumstances of each particular case, and the manner in which a reasonably prudent man would have acted under the same facts and circumstances. Williams v. Charles, La. App., 171 So.2d 831 (4th Cir. 1965); Winzer v. Stonewall Insurance Company, La. App., 175 So.2d 926 (2nd Cir. 1965).
From our examination of all the circumstances contributing to the cause of the accident, we find no negligence on the part of Willie Taylor causing or contributing to the injuries received by the child.
Accordingly the demands of plaintiff are rej ected.