207 So.2d 198 (1968)
Joseph HARDY, Individually and as Natural Tutor of the minor child, David Hardy
v.
Julia B. BYE, wife of and Albert A. Bye, Lumbermen's Mutual Casualty Company, Robert Melich, Merlyn E. Sentilles, Sr.; the Travelers Indemnity Co.
No. 2872.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1968.
Rehearing Denied March 4, 1968.
Writ Refused April 23, 1968.
*199 Ronald F. Plaisance, Nelson & Plaisance, New Orleans, for Joseph Hardy, individually and as natural tutor of the minor child, David Hardy.
Donald O. Collins, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Robert Melich, Merlyn E. Sentilles, Sr., and The Travelers Indemnity Company.
Gordon F. Wilson, Jr., of Hammett, Leake & Hammett, New Orleans, for Julia B. Bye, wife of and Albert A. Bye.
Before CHASEZ, BARNETTE and RAINOLD, JJ.
CHASEZ, Judge.
This is a suit for damages brought by Joseph Hardy, individually and as natural tutor of his minor son, David Hardy, against Mr. Albert A. Bye, Mrs. Julia B. Bye and their insurer, Lumbermen's Mutual Casualty Company; also named are Robert Melich, Merlyn E. Sentilles, Sr. and their insurer, The Travelers Indemnity Company. The injury complained of occurred as David Hardy was returning home after having purchased some ice-cream from a vending truck owned by Merlyn E. Sentilles, Sr. and operated by Robert Melich. The child received his injury when he was struck by an automobile driven by Mrs. Julia B. Bye, as she was passing the parked ice-cream vending truck. In his petition Joseph Hardy alleges that Mr. and Mrs. Bye and their insurer are liable for the negligent operation of the automobile. The petition also names as jointly liable those responsible for the operation of the vending truck under both the doctrine of attractive nuisance and breach of duty owed by street vendors to those served by them. These latter defendants, Messrs. Melich and Sentilles and their insurer, filed a reconventional demand alleging that Mr. and Mrs. Joseph Hardy were negligent in their supervision of the child. They also filed a third party demand against Mr. and Mrs. Albert Bye and their insurer for the alleged negligent operation of their automobile.
The suit was heard in the 25th Judicial District Court for the Parish of St. Bernard and judgment was rendered as follows:
1) In favor of the plaintiff Joseph Hardy, individually against defendants Robert Melich, Merlyn E. Sentilles, Sr., and The Travelers Indemnity Co. for the sum of $1,694.50.
2) As natural tutor of the minor child, judgment in favor of Joseph Hardy against the three defendants listed above for $4,000.00.
3) In favor of the defendants, Albert A. Bye, Julia B. Bye and Lumbermen's Mutual Casualty Company, rejecting the demands of plaintiff Joseph Hardy.
Also court costs and expert fees were assessed against the defendants cast in judgment.
*200 From this judgment defendants Robert Melich, Merlyn E. Sentilles, Sr. and The Travelers Indemnity Co. have appealed suspensively.
The lower court found the circumstances of the accident to have occurred as follows:
"The testimony adduced at the trial established that on or about 7:20 p. m. on April 15, 1965, an automobile being driven by Mrs. Julia Bye was proceeding on Schnell Drive, a two lane street, in Arabi, Louisiana, in a southerly direction toward Claiborne Avenue and the Mississippi River.
"At the same time and place, an ice-cream truck owned by Merlyn E. Sentilles, Sr., and being driven by Robert Melich had parked on the West side of Schnell Drive directly across the street from the residence of Mrs. Leo Schaffer.
"Just before the accident young David Hardy, age 3, in the company of his sister, Lynn, age 9, had been given money by his mother for the purchase of an ice-cream. He had crossed Schnell Drive to make the purchase from the ice-cream truck and when returning to his home was struck by the Bye vehicle."
The district judge further determined that Mrs. Bye became involved in the accident as hereafter described:
"Mrs. Bye testified that she had left her home to make a church visitation accompanied by a Mrs. Loretta Taylor. She admitted seeing the ice-cream truck as it was making a loud noise and in fact stated that she and Mrs. Taylor were conversing about the horror of driving past the ice-cream truck, because of the number of children usually gathered around them.
"She further testified that she was driving approximately 15 to 20 m. p. h. because of the narrow street and cars parked on both sides, and went on to state that when she approached the ice-cream truck she turned her vehicle to the left of the center line or middle of the road in order to pass it. At this time, Mrs. Taylor called out `lookout', and she immediately hit her brake and saw a child of about 9 or 10 years running toward the vehicle.
"This was the older girl, Lynne, who had testified that she was returning to her residence with her brother, David, who was standing in front of her. Lynne stated that as she looked out around the ice-cream truck she was partially blinded by the headlights and could not see. She said her brother David was ahead of her and was hit by the vehicle.
"Mrs. Taylor corroborated the testimony of Mrs. Bye in almost every detail. She specifically stated that she called out when she saw the larger child coming out from in front of the ice-cream truck."
* * * * * *
"The facts adduced at the trial show that Mrs. Bye was proceeding at a slow rate of speed approximately 15 to 20 m. p. h. The Court was favorably impressed with the testimony of Mrs. Leo Schaffer, a witness for the plaintiff, who confirmed that Mrs. Bye was travelling at a slow rate of speed."
With respect to the activity of the ice-cream vendor, the trial judge found that Robert Melich was in the process of selling ice-cream from the parked truck when the accident happened. Although it was parked on the left-hand side of the street the truck was well lighted and its sound system was in operation. Robert Melich had sold an ice-cream cone to David Hardy and his sister, Lynne, and as they were crossing the street on their return home, the accident occurred. It was brought out in the evidence that Robert Melich had made no attempt to assist the children in crossing the street nor had he warned them of the danger; he was simply in the process of selling ice-cream to the children.
*201 The argument as developed by the appellants not only reasserts a denial of their negligence in the accident, but also attempts to reestablish the reconventional demand for contribution or indemnity against Mr. and Mrs. Hardy and further alleges the sole, proximate cause of accident should be placed on Mrs. Julia Bye. From these various contentions we find the real issue on the appeal to be concerned primarily with the duty required of a vendor selling ice-cream from a truck in a residential area which would hold him liable for the safety of children in the event of causally connected injury. A secondary issue may involve the liability owed to the appellants, if they are cast in judgment on appeal, but this secondary liability need only be determined in the event the judgment of the district court is affirmed. Thus, the initial issue before this court concerns the validity of the judgment which held the vendor of the ice-cream liable for the injury received by David Hardy.
In its reasons for judgment the district court referred to the case of Goff v. Carlino, La.App., 181 So.2d 426, Writs refused, 248 La. 1033, 183 So.2d 653, in its dismissal of the suit against Mrs. Bye, but with respect to the ice-cream vendor he chose to reevaluate the doctrine as espoused in that case.
The Goff case deals with a set of facts that are almost identical to the case now before us. In Goff a boy aged nine was struck, or he ran into a car which was slowly passing a parked ice-cream vending truck. As decided in the instant suit, the driver of the car was held free from negligence by the district court. The appellate court discussed the duty owed by the driver to the child who darted into the path from a concealed position behind the parked vehicle and found that she not only had kept an adequate lookout, but had proceeded with all due caution under the prevailing circumstances. We likewise affirm the decision of the district court here and hold in accord with the numerous cases that state the motorist is to be held to a high degree of care when young children are known to be near the roadside. The motorist is not, however, the insurer of the safety of all children who suddenly dart or run into his path from a concealed position so that the motorist who is driving with all due precaution would be unable to avoid striking the child. See Layfield v. Bourgeois, La.App. 142 So.2d 799; Wilson v. Aetna Casualty & Surety Company, La.App. 180 So.2d 218; Winzer v. Stonewall Insurance Company, La.App., 175 So.2d 926; Williams v. Charles, La. App. 171 So.2d 831; Miller v. State Farm Mutual Automobile Ins. Co., La.App., 169 So.2d 743.
We therefore find no negligence on the part of Mrs. Bye and shall not modify the district court judgment dismissing the claim against her.
The Goff case also dealt with the alleged negligence in the operation of the ice-cream truck on the basis of an attractive nuisance argument. Judge Tate as organ of the court rejected that plea as follows:
"In the present case, Soileau's parking the ice cream truck in the residential area undoubtedly created the foreseeable hazard that a careless child might be injured crossing the street. But selling ice cream from mobile trucks in residential areas is a lawful business with social value; it would be virtually impossible to engage in this business if the ice cream peddler could not park or if he were required to watch out for and to guide children across the streets to and from the truck. Since statistically the chances are very small that harm will thereby be occasioned to children old enough to cross the street to buy ice cream, the utility of the conduct of parking the ice cream truck necessary to carry on the lawful economic activity of selling in the residential areathus outweighs the risk of harm to others created by so doing. Under *202 present social conditions, therefore, such parking does not create an unreasonable risk of harm to others so as by itself to be considered negligent conduct."
Goff v. Carlino, 181 So.2d at p. 428.
The court continued its determination citing many cases including Molliere v. American Insurance Group, La.App., 158 So.2d 279, all of which support the reluctance of courts to characterize the operation of peddling trucks as negligent simply because they attract children to cross the street provided that the operation or parking of the truck is not negligent to the children in any other respect.
We find ourselves in complete agreement with this reasoning and find no basis on which to hold the ice-cream vendor negligent simply because his employment takes him into residential neighborhoods to serve the children at their homes. Certainly everyone is aware of the arrival of the ice-cream trucks and its well announced presence should serve as adequate notice to other motorists and parents alike. While the ice-cream truck is without question attractive to children it also serves as a danger signal to those who are responsible for the children's safety. We find that Mrs. Bye, as the driver of a car that was passing a possibly dangerous area, took adequate precaution in her appreciation of the situation. We think those responsible for the children should also have taken certain precautions when it is known or anticipated that the children will approach or cross the street. Of course Mrs. Hardy thought that young David was being adequately escorted to the ice-cream truck by his sister Lynne, and barring this unfortunate set of circumstances, her assumption would have been correct. However, the young child somehow eluded his sister's control and darted into the street where he was injured.
We find no causal link between any alleged negligence or breach of duty on the part of the ice-cream vendor in these circumstances. The attractive nuisance, if the ice-cream truck should be called that, is not only attractive to children who are wont to be indiscreet when the promise of ice-cream is near, but should also indicate to motorists and those other persons responsible for the safety of children, that the children under their care may be exposed to certain danger when they congregate at vending trucks, and they too should take necessary precautions. Therefore, we find the doctrine of attractive nuisance inapplicable to the vendor in a residential neighborhood, and no duty towards the children has been breached by him where there is no evidence of an unreasonable risk of harm which by itself could be considered negligent conduct.
Although the district court has in its reevaluation of the Goff decision cited several cases arising in foreign jurisdictions which for various reasons supported his judgment against the ice-cream vendor, we do not find them controlling in the instant proceedings. Not only are the cases cited distinguishable from the instant suit, but the Louisiana Supreme Court in refusing writs on the Goff case, 248 La. 1033, 183 So.2d 653, stated: "On the facts found by the Court of Appeal the result is correct." We see no reason to disagree with this determination by our Supreme Court when direct approval was given to an appellate case whose facts are almost identical to the suit presently before us.
The judgment of the district court in favor of Joseph Hardy individually and as natural tutor of the minor child, David Hardy and against Robert Melich, Merlyn E. Sentilles, Sr. and The Traveler's Indemnity Company is hereby reversed. The cause is dismissed with costs of the appeal to be paid by plaintiff. In all other respects the judgment of the district court is affirmed.
Affirmed in part, reversed and dismissed in part, and rendered.