BAILES, Judge.
This is a wrongful death action instituted by Ida L. Collins seeking damages for the death of her six year old daughter, Tammie Ray, who was killed October 25, 1966, on Louisiana Highway 620 in West Baton Rouge Parish. The defendants are Norma Jean Sonnier, driver of the vehicle which struck the child; Dorman J. Son-nier, husband of Norma Jean Sonnier. Allstate Insurance Company, liability insurer of the Sonniers; Harold J. Har-leaux, driver of a school bus; and General Accident Fire and Life Assurance Corporation, Ltd., insurer of Mr. Harleaux. The cause was tried before a jury which returned a verdict in favor of all defendants and against plaintiff, dismissing her demand at her costs. This appeal is from the judgment based on that verdict.
Appellant argues that the evidence “conclusively proves that the proximate cause of the death of six year old Tammie Ray Collins was the negligence of the defendants, Norma Jean Sonnier and Harold J. Harlow (sic).” We cannot agree. The verdict of the jury is correct and the judgment is affirmed.
The facts of the accident are virtually undisputed. Louisiana Highway 620 or “Section Road” is, at the scene of this tragic accident, a straight, two lane, blacktop, farm to market road with a speed limit of 60 mph. It runs generally east and west. The Collins home is located on the south side of this road. At approximately 7:45 A.M. on the day in question Tammie Ray and two of her siblings left their home and went toward the road to meet the school bus, passing as they did to their right or east of a car parked in the driveway of their home. The car was parked perpendicular to the road, its rear end located some two feet from the southern edge of the blacktop.
Some 500 to 850 feet east of this spot the children’s school bus, driven by Harleaux, was proceeding toward the situs of the accident after having stopped for other passengers. At the same time, to the west of these children, the Sonnier vehicle, driven by Mrs. Sonnier, was approaching. Tammie Ray was hit as she ran from behind the parked vehicle by the right front of the Sonnier car. She died enroute to the hospital.
Mrs. Sonnier testified that she was traveling eastward on the road at 50 mph when she saw children along the road past the Collins home. She had slowed to approximately 45 mph when a child appeared directly in front of her car from the far side of the car parked in the Collins driveway. She swerved to the left, applied her brakes and hit the child at the same time.
*548 Mr. Harleaux, approaching the Collins home from the opposite direction, testified that when he was some 500 to 850 feet from the point where he usually stopped to pick up the Collins children he saw them approaching the road. Tammie Ray was running along the eastern side of the parked car. As Mrs. Sonnier was some 30 feet from the parked car the child ran from behind it into the path of her vehicle and was hit.
Officer A. Z. Matherne of the Louisiana State Police investigated the accident. He testified that he measured 114 feet of skid-marks from the point at which brakes were first applied to the point at which the Son-nier vehicle finally came to rest. These skid marks began in the eastbound traffic lane and ended just over the center line of the highway in the westbound lane. He testified further that the point of collision was approximately 15 feet from the point where Mrs. Sonnier had first applied her brakes, this being a point in rear of and slightly to the east of the parked vehicle.
Plaintiff contends that negligence on the part of Mrs. Sonnier was a proximate cause of this accident. The legal rules under which Mrs. Sonnier’s conduct must be judged are well established:
“ * * * a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street. Consequently, the motorist must bring his vehicle under such control that he can avoid injuring the child, notwithstanding its youthful indiscretion. (Citations omitted). On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout, etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. (Citations omitted).” Lay field v. Bourgeois, La.App., 142 So.2d 799, 801. See also, Williams v. Charles, La.App., 171 So.2d 831; Winzer v. Stonewall Ins. Co., La.App., 175 So.2d 926; Wilson v. Aetna Casualty & Surety Co., La.App., 180 So.2d 218; Goff v. Carlino, La.App., 181 So.2d 426; Campo v. Vampran, La.App., 183 So.2d 57.
From the testimony in this record we cannot avoid the conclusion that Tammie Ray’s approach to the roadway was blocked from Mrs. Sonnier’s view by the parked automobile until the child was only two feet from the road. Mrs. Sonnier was driving well within the speed limit, at a speed reasonable under the existing conditions, in her correct lane of travel and was maintaining a proper lookout as evidenced by the fact that she had begun to slow down on account of children she saw along the road past the Collins home. At the time Tammie Ray ran into Section Road from behind the parked auto Mrs. Sonnier was only thirty feet from her and thus unable to avoid hitting her.
Appellant cites us to the case of Cheramie v. Great American Insurance Company, La.App., 198 So.2d 726, as controlling in the instant case. In that case this Court found as a matter of fact that the defendant driver’s view was unobstructed and that she should have seen the child with whom she collided one hundred fifty feet from the scene of the accident. Failure to see the child running toward the highway when the view was unobstructed was held to amount to negligence proximately causing the accident. In the present case, however, the evidence conclusively shows that the view of the deceased child’s approach to the roadway was obstructed and that when the child came into view the accident was unavoidable. The jury correctly found no negligence on the part of Mrs. Sonnier.
*549 Appellant ascribes negligence to Mr. Harleanx’s conduct in two respects: (1) in instructing plaintiff and some of his passengers that the children should cross to the north side of Section Road at their leisure and not await his arrival before crossing to the side of the road from which the school bus could be boarded, and (2) after observing both the deceased child and the oncoming vehicle, in failing to “turn on the blinking red lights on the bus or the red stop sign on the side of the bus.”
While it is settled jurisprudence that a school bus operator, as a public or common carrier, is required to exercise the highest degree of care for the safety of his young passengers and is answerable for the slightest negligence, Mire v. Lafourche Parish School Board, La., 62 So.2d 541; Adams v. Great American Indemnity Company, La.App., 116 So.2d 307; Sepulvado v. General Fire & Casualty Company, La.App., 146 So.2d 428, we are unable to find any negligence on the part of Mr. Har-leaux.
In the case of the first charge made by appellant against the school bus driver, we find that his designation of a pickup point for the Collins children on the north side of Section Road was lawful and reasonable.
Inasmuch as defendant Harleaux was bound by neither contractual nor legal rules regulating the establishment of pickup points or the control of children in getting to these points, his designation of the pickup point in this case must be judged against the standard of reasonableness. We do not feel that designation of a pickup point which requires that a child cross a farm to market road is unreasonable.
Owing no duty to Tammie Ray to care for her safety at the time the accident occurred, defendant Harleaux was not required to take any action to prevent the accident such as appellant suggests by her second charge of negligence. Unfortunately, even had Mr. Harleaux had time to activate all the warning devices with which his vehicle was equipped we do not see how these signals could have warned Mrs. Son-nier of the imminent danger 'accompanying her approach to the automobile parked on the side of the highway.
For the foregoing reasons the judgment of the trial court is affirmed, all costs to be paid by appellant.
Affirmed.