LOTTINGER, Judge.
This is a suit by the father as natural tutor of his three year old minor child to recover damages for injuries sustained by the minor when he was struck by an automobile operated by Mrs. Fedora B. Estay, and owned by her husband, Wallace Estay. From judgment in favor of the defendants, plaintiff has appealed.
The Trial Court rendered well written reasons for judgment, which we have adopted as follows:
“The defendants admit the accident but deny that Mrs. Estay was in any way negligent in causing it and also aver that Mr. Schexnayder was contributorily negligent by allowing young Gerald to play near a street.
The accident happened on Cleveland Street in Patterson which is a residential street and not a through street. Mrs. Es-tay was driving a 1968 Volkswagon delivering papers along this street. She is familiar with the neighborhood having traveled it often. She testified that she was driving more or less in the center of the street as cars were parked on both sides. Mrs. Estay’s daughter was in the Volkswag-on and it was her job to throw the papers out of the window into the various yards of the recipients. Just prior to the point where the accident occurred, there was a vehicle parked on the right hand side of the road in advance of Mrs. Estay’s automobile. Mrs. Estay testified, and this Court accepts as a fact, that she was going less than the 25 miles per hour speed limit posted. She testified that her car was in second gear and she was going about 15 miles per hour. She further testified that she could not see young Gerald until immediately prior to the point of impact because of the parked vehicle. She first saw Gerald when she was about two feet from him and she then “heard a lick”. She got out and saw the boy in the street and realized that he had run into the car. He was lying in the street near the right rear tire. The child at first did not seem injured but subsequently somewhat severe injuries did develop although they seemed to be cleared up at this time.
This Court finds, of course, that young Gerald was too young to be negligent in his actions and this Court further finds that there is no contributory negligence on the part of Mr. Schexnayder in allowing the child to play in his front yard in this residential neighborhood.
The sole question to be decided, therefore, in this case is whether there is any negligence on the part of Mrs. Estay in driving as she did.
In the case of Collins v. Allstate Insurance Company, [La.App.,] 215 So.2d, 546 (1c-1968), the Court succinctly expressed the law to be applied when these unfortunate accidents occur. It said:
‘A motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street, consequently, the motorist must bring his vehicle under such control that he can avoid injury the child, not withstanding its useful indiscretion . On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper look out, etc., he will not be held liable where a child suddenly darts or runs into his path from a concealed *766 position in such a manner that the motorist is unable to avoid striking the child. . . ’
This Court finds that Mrs. Estay was exercising the high degree of care placed on the motorist in such a situation. Had it not been for the vehicle parked on the right side of the road which effectively hid the Schexnayder child from Mrs. Estay’s view then this Court would have no hesitation in finding that Mrs. Schexnayder (sic) should have seen the child and acted accordingly. But this Court does find that the parked automobile shielded the child from Mrs. Estay’s view; therefore, the unfortunate accident was inevitable.
There were no other witnesses to the accident except Mrs. Estay, and the child who did not testify and probably could not testify, and one Carolyn Johnson, age 15 at the time of this trial, who was across the street from the Schexnayder home when it occurred. It is necessary to go into the testimony of Carolyn Johnson because, if the Court would accept her testimony as correct, then the Court would have to rule that Mrs. Estay was not exercising the high degree of care acquired by law.
Carolyn Johnson, at the time of the accident, was 13 years old. She is now in the eighth grade in school at Patterson. She testified that she remembered the day that Gerald got hit. She said the accident happened around 4:00 in the afternoon but she was not sure of the time. She was across the street from the Schexnayders visiting her grandmother. She stated that Gerald was over by Reverend Power’s car playing (this is the car on the right side of the road and in advance with Mrs. Estay). She said that Gerald was getting ready to cross the street but didn’t make it as Mrs. Estay hit him. She couldn’t see if it was on the front or the right side but saw the accident. She estimated that the speed of the Schexnayder vehicle was between 25 or 30 miles per hour and that the car was going fast and that she heard the brakes squeal.
Faced with this evidence, the defense counsel attempted to introduce a xerox copy of the statement given by Carolyn Johnson apparently to an adjuster on August 19, 1969. Carolyn identified her signature to the statement on the copy and on that basis, this Court admitted the copy in evidence. The statement, however, contains information directly contrary to that given by Carolyn at the trial. She stated in parts that, ‘About this time I noticed a red Volkswagon about one-half of a block to my right and heading north in the Northbound lane at a rate of speed of about 15 miles per hour. Gerald then started to run across the street towards my side of the street. I do not think that the driver of the Volkswagon could see the little boy because Gerald is short and probably couldn’t be seen because of Reverend Power’s car being parked in the Northbound lane near the chained fence. The right front fender of the red Volkswagon came into contact with the forehead of Gerald. Gerald was knocked backwards and landed on the ground on his back. The Volkswa-gon stopped about ten feet from the point of impact. I did not hear any tires or brakes squealing before the impact. I do not think that the lady saw the little boy before the actual impact.’
The Court finds that this impeaches the testimony of Carolyn Johnson to the point where it must be disregarded. The Court was not impressed any way with her testimony and demeanor on the stand. This is not ment to infer that she is fabricating her answers but that because of the passage of time, she may remember differently from that which she remembered when the accident happened.
Accordingly, this Court does find that Mrs. Estay did exercise a degree of care required of her under the circumstances *767 and therefore, it is not negligent. Finding no negligence, then there can be no recovery.”
The plaintiff contends that the Trial Judge erred in allowing a prior written signed statement by the witness, Carolyn Johnson, to be admitted into evidence for the purposes of impeachment. We find no error on the part of the Trial Judge. The witness admitted her signature to the statement, that she gave the statement on a particular day and at a particular time, and that she remembered giving the statement to some man, but could not remember his name. She could not remember making the prior statement that the Estay automobile was traveling' at a rate of speed about 15 miles per hour. We feel that a proper foundation was laid for the introduction of the first statement.
We find the following in 58 Am.Jur., verbo Witnesses, § 781 at p. 431:
“Where the statements of the witness have been reduced to writing, they should ordinarily be proved by such writing. If the witness has admitted his signahire to the instrument to be genuine, the instrument is admissible in evidence to impeach him without further showing that the alleged contradictory statement was in it at the time he signed it, although there is authority to the contrary.” (Emphasis supplied)
See also Patterson v. Allstate, 147 So.2d 901, 903 (La.App., 3 Cir. 1962)
We further find that the Trial Judge has adequately analyzed and reported the facts as found in the record of this case, and has come up with the correct judgment of the law.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.