GAUDIN, Judge.
On June 24, 1985 at 2:30 p.m., 12-year-old Delma Augustine attempted to pedal her bicycle across Duke Drive in Kenner, Louisiana when she was struck by an automobile driven by Thomas Griffin. Following a bench trial on March 24, 1987 in the 24th Judicial District Court, Griffin was found to be 80 per cent at fault and the young girl 20 per cent negligent.
The sum of $18,759.00, reduced by 20 per cent, was awarded to plaintiff Henrietta Augustine, Delma’s natural tutrix.
Defendant-appellant Griffin contends that Delma suddenly appeared on the roadway from behind a parked truck and that he (Griffin) was not responsible for the accident.
Finding considerable merit in Griffin’s argument, we reduce his fault to 20 per cent and increase Delma’s negligence to 80 per cent.
Each case involving a vehicle hitting a bicycle or pedestrian must be judged on its particular facts and circumstances. While a motorist is not the insurer of a bicyclist’s safety, he must exercise reasonable caution consistent with the prevailing situation.
Duke Drive is a two-way street in a mostly residential neighborhood. The posted speed limit is 20 miles per hour. As Griffin drove on Duke Drive toward Loyola Avenue at approximately 15 miles per hour, he noticed a large 18-wheel truck parked on Duke Drive and pointed in the same direction he was driving. As Griffin approached the parked truck, he did not see Delma or any other children. To the truck’s right was a parking lot. Griffin veered to his left to pass the truck when, he said, Delma came suddenly from behind the truck’s front end. Griffin instantly applied his brakes but the front of the automobile hit the bicycle. “It happened so fast,” Griffin said. The car came to a complete stop with its front end only several feet past the front end of the 18-wheel-er.
Delma testified that when she reached the front of the truck she “got off of the bike to see if any cars were coming.” She said she “... did not see nothing, so I got back on the bicycle and I was riding across the street.”
At the conclusion of the trial, the district judge stated:
“It comes before the Court that an accident occurred on June 24,1985. I am satisfied at that time this particular accident occurred between the parties. I am satisfied on the date in question the Defendant was traversing Duke Drive, a two-lane street and upon encountering the intersection attempted to pass. The Court is convinced that this particular passing situation given the obstructment view was a hazardous situation and only should take due care and extreme caution. In this Court’s opinion I have no information that the Defendant stopped prior to making the pass, but his speed was 15 miles an hour on a 20-mile-an-hour street. This Court feels as the Defendant had to exercise a greater amount of care than was exercised at the time of the accident. With respect to whether or not the Plaintiff was negligent in this *542 particular accident, I likewise feel that the Plaintiff was under a strong obligation to exercise care. Her view was blocked from traffic. Attempting to go past the vehicle in this nature and crossing the street in a normal customary fashion traversing around this vehicle was convenient for the Plaintiff and was under a duty of care. However, the location of impact, from all of the testimony, I feel that the correct assessment of the negligence in this particular case is 20 percent on the Plaintiff and 80 percent on the Defendant.”
Appellee, in her brief, cites LSA-R.S. 32:351, which reads, in part:
“The driver of a motor vehicle shall, when reasonably necessary to insure safe operation, give audible warning with his horn ...”
However, no cases are cited and we are unaware of any wherein a motorist was required, in a factual situation similar to that of the instant accident, to sound his horn.
Appellant, on the other hand, quotes from numerous decisions absolving drivers from any negligence when a child or other pedestrian suddenly darts onto the roadway from behind a parked vehicle or other obstruction. See Jeansonne v. Corbett, 496 So.2d 1346 (La.App. 3rd Cir.1986), and Hardy v. Bye, 207 So.2d 198 (La.App. 4th Cir.1968).
Here, it does not appear that Griffin was grossly negligent in trying to drive past the parked truck. Although children sometimes play in the Duke Drive — Loyola Avenue neighborhood (as they do in most residential neighborhoods), none were visible to Griffin as he proceeded cautiously on Duke Drive.
No doubt Griffin was not exceeding the 20-mile-per-hour speed limit. The police report in evidence shows Griffin’s automobile, after impact, practically parallel with the truck, substantiating Griffin’s testimony in this important regard. Griffin said the bicycle was five or six feet away when he first saw it.
The primary duty to avoid injury rested with Delma. It is possible, perhaps probable, that Delma got off her bicycle and looked down the street, then delayed sufficiently in getting back on the bicycle that Griffin was in close proximity by the time she emerged from behind the truck.
To the right of the parked truck is a Church’s Fried Chicken parking lot. Del-ma had been in a nearby store and had pedalled through the parking lot. She was likely off her bicycle and hidden by the truck as Griffin drew near. Delma testified that she did not see Griffin’s vehicle prior to impact.
In any event, the testimony and evidence indicate that a finding of negligence on Griffin’s part exceeding 20 per cent would be clearly wrong.
It is well-settled in Louisiana that a 12-year-old child can be negligent and/or con-tributorily negligent. See Moore v. State Farm Mutual Automobile Ins. Co., 499 So.2d 146 (La.App. 2nd Cir.1986), and cases referred to therein. The trial judge here said that Delma "... was under a strong obligation to exercise care.” We agree.
Accordingly, the district court judgment is amended whereby $18,759.00 is awarded to Henrietta Augustine, reduced by 80 per cent. Appellant and appellee are to pay his or her respective appeal costs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.