McBRIDE, Judge.
Plaintiffs, husband and wife, sue the liability insurer of the City of New Orleans for a large amount for physical injuries the wife allegedly sustained when struck by the handlebar of a motorcycle operated by a police officer of the City on Mardi Gras, February 11, 1964, at St. Charles Avenue near Second Street, plus a recovery for the wife’s loss of wages and medical expenses, etc. It is alleged that the policeman was grossly negligent, inattentive, careless, and reckless and failed to maintain a proper lookout, failed to keep his vehicle under proper control, and failed to guard against striking pedestrians. After denying that the accident occurred because of negligence on *177 the part of any of the servants of the City of New Orleans, the defendant, in the alternative, pleaded Mrs. Carter’s contributory negligence; it is alleged that she was guilty of such negligence in viewing a carnival parade from a place of danger and that she turned her back on the oncoming police motorcycles with full knowledge of the peril of doing so in view of the procedure carried out by the New Orleans Police Department in clearing the streets to make way for a parade.
After a trial below, the demands of plaintiffs were dismissed and they appeal.
Mrs. Carter and her twelve-year-old daughter, who accompanied her, testified as to the happening of the accident. Mrs. Carter was standing along the neutral-ground curb of the downtown-bound lane of St. Charles Avenue, but in order to get a closer and better view of the Corner Club parade, which was about to pass, and to see the Grand Marshall thereof, she moved about three feet out into the roadway. Police motorcycles traveling in her direction were preceding the parade to clear the roadway of spectators. She states that because her daughter was frightened by the noise made by the motorcycles, she turned and faced the child who was behind her and that the handlebar of one of the passing motorcycles struck her on her back, causing injuries. When she turned toward her daughter the motorcycle was just a few feet before reaching her. She says she called to the operator of the offending vehicle, but he did not stop; she could not name or otherwise identify the officer. Mrs. Carter admitted that thousands of people lined the street watching the activities of the day.
In this case wherein the demands of the plaintiffs are based on allegations of negligence and the defendant interposed a denial of the alleged negligence and entered an alternative plea of contributory negligence, we deem it expedient to first consider the plea of contributory negligence, because if the facts show there was negligence on ’ the part of Mrs. Carter without which the . accident could not have happened, it becomes entirely unnecessary to consider whether the defendant is guilty of primary negligence. See Guidroz v. Travelers Insurance Company, La.App., 99 So.2d 916.
As we stated in Friedman v. Vedros, La. App., 68 So.2d 673, a street scene in New Orleans on Mardi Gras is familiar to every citizen and every visitor. There is general masking, endless parades participated in by vehicles, motor driven and horse drawn, mounted maskers, marching clubs, parades, and milling crowds surging back and forth, old and young—fathers and mothers holding children in their arms or on their shoulders, shrieking and shouting to the maskers on trucks and floats to throw them something, even risking life and limb under truck wheels or horses’ hooves to catch or retrieve a fallen trinket. We might add that policemen on horseback and riding motorcycles are assigned to precede parades and marching groups in order to roll back to the curb lines persons who venture into the street so that the parade or procession might proceed without interference.
Mrs. Carter’s own testimony demonstrates beyond the shadow of a doubt that she was guilty of negligence which contributed to the accident. She was fully cognizant of conditions which exist on Mardi Gras, and she should have known that it was most dangerous to remain in the street in the path of and with her back turned to the oncoming motorcycles which were designed to clear the road.
There is an abundance of jurisprudence plainly to the effect that where a person exposes himself to a known danger, he assumes the risk and is guilty of contributory negligence if injured. Spears v. American Fidelity & Casualty Company, La.App., 123 So.2d 513.
There is no room to admit the doctrine of the last clear chance as Mrs. Carter turned *178 her hack to the motorcycle when it was hut a few feet away.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.