■ GLADNEY, Judge.
Arthur Thomas Gantt, an employee of the Louisiana Department of Highways, instituted this suit against L. T. Brown and his liability insurer, Liberty Mutual Insur- *794 anee Company, for the purpose of recovering damages arising from an accident which occurred on July 12, 1963 in which he suffered severe injuries. The case was tried on its merits before a jury which returned a verdict in behalf of the defendants. The trial court sustained a motion for a new trial after which counsel for all parties entered into a stipulation agreeing to submit the case to the court for determination upon the evidence adduced at the original trial and without a jury. Judgment was rendered in favor of the plaintiff from which the defendants have appealed.
The pertinent facts are readily discernible and are not in dispute. At the time of the accident the defendant, L. T. Brawn, was a subcontractor engaged in applying a layer of cement on the roadbed under construction. The plaintiff Gantt was working on this job for the Louisiana State Department of Highways as a ticket writer. His duties consisted of filling out a ticket for each load of material brought to the spreader. He had been working on this project for one and one-half months prior to the occurrence of the accident. On the date of the accident plaintiff was engaged in the performance of his duties, and while a motor patrol grader was at a standstill Gantt placed himself in a stooped position at the rear of the grader apparently for the purpose of making some notes. While he was in this position, Leslie Fern, the operator of the grader, moved his machine backward with the result that the unit struck Gantt, knocking him to the ground and moving partially over him.
During the work upon the roadbed while cement material was being hauled to the location in dump trucks and delivered to a device referred to as a spreader, which was attached to the front of a Caterpillar tractor that moved forward spreading the material on the roadbed at a pre-determined thickness, the tractor and spreader would then remain at a standstill until the arrival of another load of material, and the same procedure would be repeated. When the spreading was completed it was then compacted by a self-propelled sheep foot roller and followed by a double-tired wobble wheel roller. After the material had been adequately compacted it was bladed to the finished grade by the motor grader. The material was-being spread in four steps or lanes and in: sections of 500 feet in length. The motor' grader involved in the accident was being' operated by Leslie .Fern, with some 20' years experience in this type of work. Immediately prior to the accident Fern had’, just completed the finish grade work on a. 500 foot section of the road which had' last been spread. While so engaged, additional material had been spread upon several lanes and the packers had moved into that area to start compacting the material. Fern was preparing to move onto' this next section of the road. His motor-grader at the time was being operated in: reverse and he was moving onto this new section of work. His machine approached a point at which the spreader was at a standstill awaiting the arrival of an additional dump truck of material; simultaneously the-motor grader was being approached from-its rear by the sheepfoot roller, and Fern brought his grader to a stop to let the roller pass around him. While thus awaiting the approach and passage of the roller,, the engine of the grader continued to operate. After the roller had passed Fern increased the speed of his engine, placed' his unit in reverse and began movingbackwards at a slow rate of speed. It was-during this operation of the motor grader that it struck the plaintiff.
Gantt testified that just prior to the-accident he had observed the motor grader some distance away at which time he was-standing on the shoulder of the road. One of the eyewitnesses, A. H. Allen, the operator of the spreader, testified that “when the motor patrol stopped, the self-propelled roller came by, Mr. Gantt walked' from the shoulder of the road over behind' the motor patrol and went sort of in a *795 crouching position and went to writing some tickets.” The position of Gantt was about four to seven feet behind the motor grader.
The Caterpillar or motor patrol or grader involved is the same type frequently seen ■engaged in the construction of our highways and the maintenance thereof. The •machine has dual tires on the rear, a ■single set of tires on the front, and the ■cab from which the machine is operated is located between the set of dual tires on the rear. The radiator of the machine is at the rear. The cab has windows front .and aft to afford visibility. Due to its construction, however, there is less visibility towards the rear than the front. 'There is a certain area directly behind the machine which is not visible by the ■operator, whether standing or sitting.
Plaintiff’s cause of action is based upon the negligence of Leslie Fern alleged in the following particulars: In failing to keep a proper look-out, in failing to keep the motor patrol under proper control, in driving at an excessive rate of speed, in failing to give proper warning, and in failing to see plaintiff prior to striking him with the motor grader.
Appellants deny that there was any negligence on the part of the operator of the motor grader, and that plaintiff was guilty •of contributory negligence by reason of his knowledge of the manner in which the •operations were being conducted, and with such knowledge, placed himself in a zone ■of danger, thereby assuming the risk of ■that danger. Appellants contend that the ■court specifically erred in finding: First, that it was an unusual practice for the motor grader to be operated backwards as well as forwards; that a proximate cause of the accident was the act of the operator of the motor grader in moving his vehicle backwards when his vision of the roadway to his rear was restricted; that the •operator of the motor grader should have •restricted his operations to forward travel; .and that the operator of the motor grader could have observed the presence of plaintiff by merely glancing to the rear before starting his vehicle in motion; second: that the facts of the instant case were analogous to those in the case of Moses v. Commercial Standard Insurance Company, La.App., 174 So.2d 682 (3rd Cir. 1965) ; that the plaintiff was not guilty of contributory negligence in leaving a place of safety and placing himself in a position of danger although plaintiff was thoroughly familiar with the existing conditions and circumstances; and that plaintiff had not assumed the risk by entering a known zone of danger of which he had full knowledge.
Assigning written reasons for his judgment the trial judge held: That it constituted negligence on the part of the grader operator to systematically back the cumbersome vehicle through an area where the plaintiff and other workers were required to move back and forth in the performance of their various tasks; that during the grading operation its operator is required to keep his eyes on the cutting edge of his blade and can only glance from time to time at the roadway ahead of him during the performance of the grading operation; and that had the operator exercised a reasonable degree of diligence he would have discovered the presence of the plaintiff in the path of the motor grader and given timely warning. Additionally the trial court found it was negligence on the part of the operator to start the grader without first determining that the way was open for him to travel. Citing as supporting his reasoning is the case of Moses v. Commercial Standard Insurance Company, supra.
The crux of the case, as we see it, is whether plaintiff was guilty of contributory negligence barring his recovery. Although Gantt testified that he was walking up the roadway directly away from the rear end of the motor grader at the time he was struck, his testimony is refuted by that of A. H. Allen, operator of the tractor which moved the spreader, Herman Good- *796 ing, operator of the wobble-wheel packer and Buel Hamner, an inspector for the State Highway Department. These eyewitnesses said they observed Gantt squatting down to the rear of the motor grader. Immediately prior thereto plaintiff had been at the edge of the roadway in a place of safety. Fern testified that during the operations he was alternately moving the motor patrol forward and backwards which is a customary practice to conserve time. Certainly the plaintiff was aware of this customary practice and of the various machines at work upon the roadway.
It is axiomatic that a person who leaves a place of safety and places himself in a position of' known danger and is injured by one of the risks of which he has full knowledge, has assumed the risk of that danger and is guilty of contributory negligence. Dallas v. Crescent Forwarding and Transportation Company, La.App., 13 So.2d 113 (Orl. Cir. 1943; Cert. denied) ; Spears v. American Fidelity and Casualty Company, La.App., 123 So.2d 513 (Orl. Cir. 1960; Cert. denied); Jack v. Sylvester, La.App., 150 So.2d 789 (3rd Cir. 1963); Covington v. Loffland Brothers Company, La.App., 152 So.2d 108 (3rd Cir. 1963) Cert. denied; American Employers’ Insurance Company v. International Harvester Company, La.App., 158 So.2d 477 (4th Cir. 1963); Mahony v. Griffith Rental Tools, Inc., La.App., 169 So.2d 393 (3rd Cir. 1964) ; Carter v. Travelers Insurance Company, La.App., 176 So.2d 176 (4th Cir. 1965); Moffet v. Koch, 106 La. 371, 31 So. 40 (1900).
In the Moffet case Kohn v. McNulta, 147 U.S. 238, 13 S.Ct. 298, 37 L.Ed. 150 was quoted with approval. Therein the United States Supreme Court spoke with reference to the obligations of a normal mature person to see and appreciate dangers which were obvious, saying:
‘Where an employé is not placed by an employer in a position of undisclosed danger, but is a mature man, doing the ordinary work which he was engaged to do, and whose risks are obvious to anyone, he assumes the risks of the employment, and no negligence can be imputed to an employer for an accident to him therefrom.’ [31 So. 40, 44]
The case of Moses v. Commercial Standard Insurance Company relied upon by ap-pellee because of its peculiar facts is not controlling herein. In the cited case plaintiff was awarded damages for injuries received as a result of being struck by the top of a tree which was being pushed by a bulldozer during land clearing operations. Immediately prior to the accident the plaintiff had been standing near the operator of the bulldozer talking with one Alton Lofton. The tree was being pushed ahead of the bulldozer and became lodged against a brush pile causing the tree to bow. As-the bulldozer moved forward the tension of the bent tree was released and it sprang forward striking the plaintiff. The evidence revealed that Gandy, operator of the bulldozer, saw the dangerous position plaintiff and Lofton were in and stopped the machinery and disengaged the gears and told Moses and Lofton to get out of the way before they got hurt. After waiting from ten to fifteen seconds and while the two-men were still within the zone of danger Gandy proceeded forward with the bulldozer with the result that the bent tree sprang forward and caused the accident of which the plaintiff complained. The court concluded that Gandy’s belief that Moses had ample time to extricate himself from, danger was unwarranted, saying:
“ * * * Mr. Gandy, by his own testimony, clearly knew of plaintiff’s peri! and it is obvious that he could have-avoided the accident by not driving the-bulldozer forward until plaintiff was-out of danger.” [174 So.2d 682, 685]
The evidence in the instant case discloses that Fern was operating the motor patrol in the customary manner and attending to the normal functions of his work. The fact that he did not observe plaintiff in the latter’s precarious position was perhaps *797 partially due to the necessity of Fern directing his attention to the proper operation of the machine, or due to obstruction of his vision by the front part of the motor grader. Irrespective of the cause which prevented Gantt being seen by Fern, we find a proximate cause of the unfortunate accident was the act of Gantt in positioning himself just to the rear of the machine in such a stooped position his presence was not observable by the operator. Gantt, not only knew that he was in a position of danger, but he should have known that the view of Fern would be obstructed as to the area in which Gantt placed himself. Under the circumstances Gantt was clearly guilty of negligence which was a proximate cause, if not the sole proximate cause of the accident.
For the foregoing reasons the judgment is annulled, set aside and reversed, and the demands of plaintiff are rejected at his cost.