279 So.2d 237 (1973)
John Marshall CLARK, Sr., Individually and as Administrator of the Estate of his minor son, John Marshall Clark, Jr., Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY et al., Defendant-Appellee.
No. 12110.
Court of Appeal of Louisiana, Second Circuit.
June 12, 1973.
John S. Stephens, Coushatta, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Harry A. Johnson, Jr., Shreveport, for defendant-appellee.
Before AYRES, PRICE and HEARD, JJ.
PRICE, Judge.
John Marshall Clark, Sr., brought this tort action individually and on behalf of his minor son, John Marshall Clark, Jr., seeking damages resulting from injuries suffered by the young child in an intersectional collision in Caddo Parish on November 18, 1970. The child was a passenger in his father's automobile being driven by Mrs. Edith S. Keith. The other vehicle involved was owned and driven by James J. Fletcher, Sr.
Plaintiff joined as defendants, Mrs. Keith, the driver of Clark's vehicle, Allstate Insurance Company, the liability insurer of the car, Fletcher and his liability insurer, State Farm Mutual Automobile Insurance Company. Plaintiff alleged the accident was caused by the joint negligence of both drivers and sought judgment against all defendants in solido. Prior to trial of the cause, an agreement of compromise was effected settling all claims against Mrs. Keith and Allstate, and they were dismissed as defendants in the suit.
After a trial on the merits, the trial judge found no negligence on the part of Fletcher contributing to the accident and *238 rejected plaintiff's demands against Fletcher and State Farm. Plaintiff has appealed from the formal judgment dismissing his action. We affirm this judgment.
The accident happened at about 7:30 a. m. at the intersection of Louisiana Highway No. 175 and the Ellerbe Road in the southern part of Caddo Parish. Louisiana 175 runs in an east-west direction and Ellerbe Road runs north-south. There are stop signs on Ellerbe Road directing traffic traveling thereon to stop and yield the right-of-way to drivers proceeding on Louisiana 175. Fletcher was traveling east on Louisiana 175 and Mrs. Keith north on Ellerbe. These vehicles collided at the approximate center of the intersection and there is no indication that either driver applied brakes prior to impact.
Plaintiff contends that although Mrs. Keith was guilty of negligence in failing to stop or yield the right-of-way to the other vehicle approaching on the favored road, Fletcher was also negligent in traveling at an excessive speed, in failing to see the Keith vehicle approaching and failing to take evasive action after he saw or should have seen she was not going to obey the traffic sign.
We find the evidence to be insufficient to establish the negligence charged to Fletcher. The only evidence in the record regarding the speed of Fletcher's vehicle was his estimate of approximately 50 m. p. h. The legal speed limit on Louisiana 175 is 60 m. p. h. Fletcher also testified he slowed somewhat as he approached the intersection in accord with his usual practice in driving. Nor is there evidence to show Fletcher was not exercising the degree of care required of him under the jurisprudence in entering an intersection on a favored thoroughfare.
There is some dispute as to the extent of visibility these drivers would have had of the other vehicle as they approached this intersection as the fence lines running parallel to each of the roads were overgrown with weeds and other vegetation. From the evidence in the record we think it is fair to conclude there was partial impairment of vision of both of these drivers as they approached this intersection. Fletcher testified he noted the other vehicle a short distance from the intersection and then it became obscured behind heavier brush. He further testified that when he realized the other vehicle was not going to stop, it was too late for him to stop or take evasive action. We find no testimony or other circumstantial evidence in the record to contradict this testimony.
As the driver on the favored thoroughfare, Fletcher had a right to assume the vehicle on the intersecting street would stop and yield the right-of-way and he could continue under this assumption until such time he saw or should have seen that the other vehicle was ignoring the stop sign. Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849 (1948); Fontenot v. Lucas, 228 So.2d 211 (La.App. 3d Cir. 1969).
Furthermore, it is only in the exceptional case where the right-of-way motorist could have avoided the accident by the exercise of the very slightest degree of care that he will be considered guilty of negligence. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); Otillio v. Dolese, 236 So.2d 646 (La.App. 4th Cir. 1970).
We do not find the evidence in this case to show that Fletcher could have avoided the accident by taking evasive action at the time it became clear to him the other vehicle was violating the stop sign and entering the intersection in his path.
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.