309 So.2d 747 (1975)
Charlotte MUGNIER
v.
CHECKER CAB COMPANY and August Indovina.
No. 6685.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
James McGuire, Gregory M. Porobil, Pitard, Pitard & Porobil, New Orleans, for Checker Cab Co. and August Indovina, defendants-appellees.
Robert O. Homes, Jr., New Orleans, for Charlotte Mugnier, plaintiff-appellant.
Before GULOTTA, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This is a suit in tort wherein plaintiff appeals from a judgment of the lower court dismissing her suit.
This suit involves an accident between a taxi and a bicycle. The evidence shows that the plaintiff was riding her bicycle on General Pershing Street, a one-way street, the wrong way. When she came to the intersection of General Pershing and St. Charles Avenue, a thoroughfare with divided roadways, she stopped to allow the traffic on St. Charles to pass. While stopped she noticed a taxi stopped in the neutral ground crossing of General Pershing. She also noted that the taxi was intending to turn left. The driver was not looking in her direction but rather down at the seat or to his right at the oncoming traffic. Plaintiff proceeded across St. Charles Avenue and the driver of the taxi *748 took his foot off the brake and slowly rolled into the intersection. By the time the plaintiff saw the taxi and the taxi driver saw the plaintiff it was too late to avoid a collision.
Although both vehicles were moving very slowly at the time of impact the fall from the bicycle caused plaintiff to sustain a broken arm and leg.
The defendant taxi driver is guilty of negligence since by his own admission he was not looking in the direction he was traveling immediately prior to the accident. The plaintiff is guilty of contributory negligence for two reasons. First, the New Orleans City Code, Section 38-200 (1956) makes all motor vehicle laws applicable to bicycle riders and by her own admission plaintiff was proceeding on a one-way street the wrong way. Secondly, when plaintiff stopped at the corner and noticed defendant about to turn left she was negligent in assuming she could preempt the intersection and in starting across the intersection (still proceeding the wrong way) into the taxi's path. There is a long line of jurisprudence in this state which holds that a person who leaves a place of safety and proceeds into a place of known or expected danger is assuming the risks of those dangers and is guilty of contributory negligence. Gantt v. Brown, 191 So.2d 793 (La.App. 2nd Cir. 1966); Carter v. Travelers Ins. Co., 176 So.2d 176 (La.App. 4th Cir. 1965).
Plaintiff contends that this factual situation calls for the application of the last clear chance doctrine. We do not agree. The evidence shows that the taxi proceeded into the intersection only 10 to 15 feet before the collision. It is disputed whether the taxi struck the bicycle or the bicycle struck the taxi. After a careful study of the time elements we cannot say that the taxi driver had enough time to avoid the accident. He certainly did not have enough time to avoid the accident after he actually discovered the plaintiff's peril, since everyone agrees that they were only one foot apart when he saw her. Plaintiff contends that the taxi driver "should have discovered" her peril by looking to his left. However, at this particular intersection the driver is under a more compelling obligation to look to his right for oncoming traffic. At the point where the driver's obligation shifted to looking to his left we cannot say he would have had enough time to avoid the accident.
We are mindful of the Supreme Court decision which says that the last clear chance doctrine often involves fine distinctions. Of these fine distinctions the Court has said, "... the difference is one of seconds in the matter of time, and of a few feet only in the matter of distance; too little in our opinion to justify the application of the doctrine of last clear chance and discovered peril." Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952). We find no manifest error in the judgment of the lower court.
For the above reasons we affirm the judgment of the district court. Appellant is to pay the costs of this appeal.
Affirmed.