ELLIS, Judge.
At about 6:00 o’clock a. m. on March 2, 1972, Robert L. Phillips was injured when the automobile he was driving collided with a number of dairy cows. The accident happened on the grounds of the Louisiana State Penitentiary at Angola, where plaintiff was employed as a guard. Plaintiffs herein are Robert L. Phillips and Lee L. Phillips, his father, who was the owner of the automobile. The suit was originally brought against the State of Louisiana, through the Department of Institutions and the Louisiana State Penitentiary. However, the answer was filed by the State of Louisiana, through the Department of Corrections, which is the proper party, and the only defendant.
After trial on the merits, the court gave judgment for the value of the automobile, *889 medical expenses, and $1,500.00 for pain and suffering. From that judgment, the defendant has appealed.
Robert L. Phillips was the only witness who testified relative to the facts of the accident. He stated that he was on his way to work at about ten minutes before six in the morning. It was dark, foggy, and drizzling, and the visibility was poor. He was driving at a speed of about 35 miles per hour, with his headlights on.
At the same time, there was a herd of dairy cattle on the road, being herded by three inmates of the penitentiary. They carried no lights or other devices to warn of the presence of the cows on the road. Plaintiff testified in one place that he did not see the cows before he hit them, and in another that he saw them when he was about 10 feet away.
Plaintiff also testified that he had never seen cattle at this place before and had never seen cattle being transferred from one pasture to another on the penitentiary grounds. However, he was aware that there were both beef and dairy cattle at the penitentiary, and had seen cattle roaming at large in other parts of the grounds.
He further testified that he felt that he was driving at a safe speed and that he did not expect to meet any obstruction on the road. He also stated that, because of visibility conditions, he could not have stopped in time to avoid an obstruction when it became visible.
Because the accident happened on the penitentiary grounds, the road on which it happened was not a public road, and not subject to the Highway Regulatory Act. However, since there is no evidence that any other regulations apply, we may look to the provisions thereof for guidance in determining fault. Bizette v. Lastilla, 238 So.2d 767 (La.App. 1 Cir. 1970).
R.S. 32:64, subd. A provides:
“No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.”
In Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972), the court said:
“It is well settled that when visibility is impaired by smoke, fog, or other unfavorable atmospheric conditions, a motorist must exercise care in the operation of his vehicle commensurate with the danger created by the conditions. He must reduce his speed and maintain a close lookout. As an extreme measure, when visibility is destroyed or greatly obscured, he must stop his vehicle until conditions permit him to resume1 travel in reasonable safety.”
From plaintiff’s own testimony, we learn that the weather was bad and the visibility impaired as a result. He admitted that, at 35 miles per hour, he could not stop within the range of his vision. We think it clear that the law requires that he be able to do so under the condilions existing in this case. Since he failed to meet this standard of conduct, he is guilty of negligence, which precludes recovery by the plaintiffs in this case.
The judgment appealed from is reversed, and there will be judgment in favor of defendant dismissing plaintiffs’ suit at their cost.
Reversed and rendered.