BEER, Judge.
This case results from an automobile-bicycle collision at the controlled intersection of Apple and First Streets in Norco, Louisiana. Plaintiff-appellant, Valina Robertson, individually and in behalf of her minor son, Wilton, age 16, appeals from the dismissal of her action against defendant-appellee, Stanley Parquet, seeking damages for the alleged negligent operation of his automobile. The trial court also dismissed Parquet’s reconventional demand for damages to his windshield. He did not appeal.
Parquet testified that he was driving on Apple Street toward the river in the right-hand lane, at 20 MPH at 7:00 a.m. on May 16, 1970. The posted speed limit on that street was 35 MPH. As he approached, on the favored street, the controlled intersection of Apple and First Streets, his view of traffic on First Street was blocked by a building on the corner. He testified that it was necessary to reach a point adjacent to the building before traffic on First Street was visible. With his car in this position, still moving but at a reasonable rate of speed, it was struck on the right front portion by young Wilton’s bike. The impact threw Wilton off the bike and against the windshield of the automobile. Mr. Parquet did not see Wilton until the impact occurred.
Hilton and Gladys Joseph, passengers in Parquet’s vehicle, corroborate his testimony. Hilton, 15 at the time of the accident, was seated in the back right side of the car and saw the accident. He indicated that he did not look at the speedometer, but estimated the automobile’s speed at 20 MPH and further stated that Parquet “was not going fast.” He states that Wilton’s bike struck the car on its right front side, throwing Wilton off of his bike and causing him to strike the windshield of the car and then fall to the ground. Gladys Joseph’s testimony is the same as that of her son’s with respect to the incident. She further confirms the fact that a stop sign controlled traffic approaching the intersection from First Street.
Wilton Robertson acknowledges the location of the stop sign but contends that he obeyed its signal. He testified that he did stop and that several cars did pass before he started to cross the street. Then, as he was crossing, he looked right and saw no cars. When he looked to his left, defendant’s car was in his path. He claims to have almost completed the crossing when defendant’s car, traveling in the wrong (left) lane, struck him.
The trial court who heard and observed the witnesses determined that “. Plaintiff has failed to sufficiently carry the burden of proof necessary in the action alleged” and dismissed the principal demand. In the same judgment, the court dismissed Parquet’s reconventional demand for the damage to his automobile windshield based upon the determination that he “was guilty of contributory negligence which bars his recovery for damages claimed in his reconventional demand.”
The verbiage of that judgment has caused us some concern since Parquet’s actions seem difficult to describe as contribu-torily negligent in view of the primary finding that plaintiff had failed to sufficiently carry the burden of proof needed to support his claim. Because of this, we have carefully reviewed the record from the standpoint of giving consideration not only to the possibility of manifest error but also with respect to the issue of the negligence vel non of Parquet and of young Wilton Robertson.
A motorist traveling on the right-of-way street and approaching an intersection at which traffic on the inferior street is required to stop, and is thus warned by a stop sign, is entitled to assume that a driver (or a bike rider) on the less favored street will observe the law. Ordinarily, he is not negligent in proceeding past such a corner into the intersection — at a reasonable speed — even if he fails to actually observe the approach of a vehicle on the less favored street because the view is blocked. Gauthreaux v. Hogan, *534 185 So.2d 44 (La.App. 4th Cir., 1966); Clark v. Allstate Insurance Company, 279 So.2d 237 (La.App. 2nd Cir., 1973). In Mid States Insurance Company v. Parker, 232.So.2d 799 (La.App. 4th Cir., 1970) we held that a motorist, traveling on a right-of-way street, who did not observe defendant’s approaching vehicle because his vision was impaired by a parked truck, was, nevertheless, entitled to recover. As in the case at bar, a stop sign controlled traffic on the less favored street. Conversely, it is encumbent upon the less favored motorist (or bike rider) to see that the way is clear before proceeding across the .favored street. He must not simply stop in obedience to the stop sign; he is required, thereafter, to see — and yield to — vehicles with the right-of-way.
In Arnold v. Byrne, 251 So.2d 55 (La.App. 4th Cir., 1971), we affirmed dismissal of a bicyclist’s claim for damages allegedly caused by the negligence of defendant automobile driver which resulted in an in-tersectional collision. There was the usual conflicting testimony as to whether the bicycle struck the side of the car or whether the car collided with the bicycle. The trial court made a factual determination and dismissed the suit. We found no manifest error. Here, plaintiff acknowledges that: “as I was crossing, I was looking both ways . . . ” This signals a failure to properly heed the stop sign since he should have withheld forward movement until he had observed that passage across the favored street was safe.
Regardless of the manner in which the trial court’s judgment is confected, we are forced to the conclusion that young Wilton Robertson’s actions must, at any event, be categorized as negligent and proximately causative of the accident in which he was injured.
This conclusion reached, and no other issue now being before us,[1] we affirm the judgment of the 29th Judicial District Court in dismissing plaintiff’s suit. Each party shall bear its own costs of appeal.

AFFIRMED.

. Parenthetically, we note that the case was tried on December 12, 1974, and taken under advisement by the trial court who, thereafter, on May 9, 1975, rendered judgment. The petition for devolutive appeal was timely filed on August 6, 1975, and the order granting the devolutive appeal and setting the bond was signed on the same day. However, the bond was not filed until September 17, 1975. Since the record is barren of any showing that judgment was mailed to counsel of record in accordance with LSA-C.C.P. Article 1913, we conclude, at least insofar as this case is concerned, that the bond was timely filed and, thus, the appeal properly perfected.