GARRISON, Judge.
Plaintiff, while a patient at Southern Baptist Hospital, was administered blood which she alleged later caused hepatitis. After trial on the merits the trial court failed to find liability of Southern Baptist Hospital Blood Bank, Dr. Ralph M. Hart-well, Dr. George A. Hauser and the insurers, Argonaut-Southwest and St. Paul Fire and Marine, and dismissed plaintiff’s suit. This court affirmed, 403 So.2d 26; however, the Supreme Court of Louisiana reversed the judgment of the trial court, 385 So.2d 518, finding liability based upon C.C. art. 2315 and Loescher v. Parr, 324 So.2d 441 (La.1975), and remanded the matter to this court for the purpose of fixing quantum.
Plaintiff then moved this court to remand the matter to the trial court for the purpose of adducing medical testimony based upon the contention that such evidence was not presented at the time of the initial trial of the matter. This contention is not supported by the record which revealed that medical testimony was presented on behalf of plaintiff. The record discloses that a period of five and one-half months were involved from the first evidence of hepatitis until plaintiff was completely cured.
Approximately one month after receipt of the blood, plaintiff began experiencing loss of appetite, became listless and was experiencing nausea. Plaintiff was referred to Dr. Lloyd C. Eyrick, an internist, by her gynecologist, Dr. Steele. Dr. Eyrick hospitalized her on April 18, 1973 at Southern Baptist Hospital and discharged her some 15 days later on May 2, 1973. During her hospitalization and subsequent recuperation at home, bed rest, Prednisone, Bena-dryl, Vistarel, Mylanta, Levsin, intravenous fluids and proper diet were prescribed.
On May 30, 1973, serium Bilirubin and S.G.O.T. tests were performed which disclosed mild elevation above normal and prescription of bed rest and proper diet with moderate activity was continued.
After discharge by Dr. Eyrick, she was tested at Ochsner and that test for hepatitis was found to be negative.
In view of the fact that this matter was tried three years after suit was filed and no evidence of additional medical treatment was presented, and the presumption being that the attorney for plaintiff has presented all of the available medical testimony, it can be concluded that the above history constitutes the entire treatment of plaintiff for hepatitis.
Based upon the foregoing history, we are of the opinion that $15,000.00 amply compensates plaintiff for her injury and all incidental expenses in connection therewith. Accordingly,
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff in the full and true sum of $15,000.00, together with legal interest from date of judicial demand until paid. Defendants-appellees are to bear all costs of these proceedings.
RENDERED ON REMAND.