502 So.2d 1159 (1987)
Murphy GUILLORY, Plaintiff-Appellant,
v.
J.D. KEEL and State Farm Mutual Automobile Insurance Company, Defendants-Appellees.
No. 86-113.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Rehearing Denied March 13, 1987.
Writ Denied May 8, 1987.
*1160 White and Pitre, Marion O. White, Opelousas, for plaintiff-appellant.
Hank S. Hannah and William Ziegler, Lafayette, for defendants-appellees.
Before FORET, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Murphy Guillory sued J.D. Keel and State Farm Mutual Automobile Insurance Company for personal injuries and property damage resulting from a two-car collision. After a bench trial, the trial court rendered judgment in favor of the defendants and against the plaintiff, dismissing the action at plaintiff's cost. Plaintiff appeals. We reverse and render a judgment for damages.
The main issue is whether plaintiff proved his case by circumstantial evidence. The accident occurred on November 20, 1981, on U.S. Highway 190 in the city of Opelousas. U.S. Highway 190, also known as East Landry Street in Opelousas, is a two-lane, one-way street running west through town. Oak and Lombard are both two-way streets which run perpendicular to and intersect Landry within one block of each other.
Appellant testified that he was traveling west on Landry Street in the left lane behind another vehicle when that vehicle turned left onto Oak. Appellant proceeded and the next thing he remembered was an impact and then he lost consciousness. Appellant *1161 testified that he did not see what caused the impact. There were no eyewitnesses to the accident. The appellee who was involved in the collision, J.D. Keel, died sometime before trial and before a deposition could be taken to perpetuate his testimony.
Appellant offered no direct evidence as to how the accident occurred, but he alleges that appellee was traveling north on Lombard Street and turned right onto Landry Street which would have meant that appellee was traveling east, the wrong way, down one-way Landry Street in appellant's lane of traffic.
There is no direct evidence of the point of impact between the vehicles, although there was some evidence of broken glass and dirt clods left near the center of Landry Street. When the investigating police officer arrived, Keel's truck was facing east on the parking lot of a Canal service station which is located on the south side of Landry Street between Oak and Lombard Streets. Appellant's Volkswagen was at a right angle to the truck, facing south, almost touching the truck, partially in the street and partially in the parking lot. The Volkswagen's front end was damaged and the truck was damaged on its left side, immediately in front of the rear tire well.
Keel was issued a traffic citation by the investigating officer for going the wrong way down a one-way street. When questioned at the trial as to why he issued the ticket, the officer testified that the deceased had told him that he had been going the wrong way on Landry Street.

LIABILITY
The trial court in its reasons for judgment stated that "the plaintiff has failed to prove any actionable negligence on the part of the defendant proximately causing the accident under consideration."
We interpret the finding by the trial judge that there was no "actionable" negligence to mean that appellant failed to prove causation-in-fact by a preponderance of the evidence.
The burden of the plaintiff in a negligence action to prove causation may be met by either direct or circumstantial evidence. Circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty but this does not mean that it must negate all other possible causes. DeBattista v. Argonaut-Southwest Ins. Co., 403 So.2d 26 (La.1981), on remand 410 So.2d 279 (La.App. 4th Cir. 1982); writ denied Faciane v. Argonaut-Southwest Ins. Co., 412 So.2d 1097 (La. 1982), cert. denied 459 U.S. 836, 103 S.Ct. 82, 74 L.Ed.2d 78 (1982), writ denied 427 So.2d 1208 (La.1983).
Appellant was forced to rely upon circumstantial evidence to prove causation. There were no independent eyewitnesses to the accident. The appellee's insured died before trial and before his testimony could be perpetuated by deposition. The appellant was knocked unconscious on impact and cannot remember any details of what happened immediately preceding the accident.
To review the circumstantial evidence on the issue of causation: Appellant testified that he was traveling in the left lane on one-way Landry Street behind another car. That car turned left on Oak Street right before the Canal station on the left side of the street. Mr. Keel, appellee's insured, admitted to the police officer investigating the accident that he had turned onto East Landry going the wrong way. Mr. Keel's statement is technically hearsay, but it is properly considered on appeal since no objection to its admission was made at trial. The statement carries the indicia of reliability since it is a declaration against interest and, particularly since it was related at trial under oath by a disinterested third party, the investigating police officer. That officer issued Mr. Keel a citation for going the wrong way down a one-way street. Finally, the officer also testified that there was broken glass and chunks of dirt (such as might be knocked from a vehicle by a sudden violent impact) left near the middle of the left lane of East Landry Street.
*1162 We regard the weight of the evidence introduced by appellant as such that it excludes every other reasonable hypothesis as to how the accident occurred and therefore appellant has proved cause-in-fact by a preponderance of the evidence. For that reason, we reverse the finding of the trial court and find the remaining defendant, State Farm (Keel's succession was never substituted in his place), liable.

DAMAGES
The Court of Appeal may fix the quantum in a suit for damages, where the plaintiff's demands based on liability were rejected at trial, but the Court of Appeal reverses the liability finding on appeal. Burleigh v. State Farm Ins., 469 So.2d 270 (La.App. 3rd Cir.1985), writ denied 474 So.2d 1305 (La.1985).
It is undisputed that appellant suffered a laceration to his lower lip which required minor surgery.
Appellant was first taken to Opelousas General Hospital after the accident. A bill for $115 for emergency room treatment was offered into evidence.
Appellant was then referred to Our Lady of Lourdes Regional Medical Center, where he underwent minor surgery to repair his lip. The statement from the hospital shows an amount due of $96.60. The fee of the surgeon who performed the surgery amounts to $556.25.
Appellant testified that his eyeglasses were broken in the accident and he introduced in evidence a bill from the optometrist of $125 for replacement.
Recovery from the surgery forced appellant to miss five days work which resulted in $558.90 in lost wages as evidenced by a certificate from his employer which was introduced into evidence.
We find that Guillory is entitled to general damages of $2,000, plus the special damages enumerated above.
Appellant also claims that the 1973 Volkswagen Super Beetle that he was driving at the time was owned by him and it was a total loss. He claims a loss of $4,995 for total destruction of the car.
Appellant admitted under oath that the title to the car was in his son's name and that he had bought the car as a gift for his son. Appellant also testified that he had another car which he regularly used rather than the Volkswagen.
In our opinion, appellant failed to prove that he was the owner of the Volkswagen, and having no pecuniary interest in the car, he is not entitled to recover for its damages.
We reverse the judgment of the trial court on the issue of liability, and judgment is rendered in favor of Murphy Guillory and against State Farm Mutual Automobile Insurance Company for $3,451.75 with interest from judicial demand. Costs in the trial court and for this appeal are to be paid by State Farm Mutual Automobile Insurance Company.
REVERSED AND RENDERED.