583 So.2d 47 (1991)
John CRUMP, Plaintiff-Appellant,
v.
Alyson E. RITTER and Old Hickory Casualty Insurance Company, Defendants-Appellees.
No. 22440-CA.
Court of Appeal of Louisiana, Second Circuit.
June 19, 1991.
Rehearing Denied July 24, 1991.
*48 Bruscato, Loomis & Street by Anthony J. Bruscato, Monroe, for plaintiff-appellant.
Andrus & Doherty by James P. Doherty, Jr., Opelousas, for defendants-appellees.
Before MARVIN, VICTORY and BROWN, JJ.
VICTORY, Judge.
This suit for personal injuries arises out of an auto-bicycle intersectional collision. From a judgment finding him 100 percent at fault and dismissing his case, plaintiff Crump appeals, contending the trial court erred in not finding defendant was totally or partially at fault even though plaintiff was riding his bicycle the wrong way down a one-way street.
Finding no manifest error, we affirm.

FACTS
The basic facts of this suit are not disputed. The accident occurred at the Monroe residential intersection of Glenmar and North 8th Streets at 5:55 p.m. on September 1, 1989, a sunny, dry, clear day. North 8th Street is a one-way, two-lane, northbound road. Glenmar Street is a two-way, *49 east-west street. Stop signs control east and west Glenmar traffic.
Plaintiff testified he was on his bicycle heading southbound on North 8th toward Glenmar Street and defendant, driving her 1986 Mazda, was traveling east on Glenmar. As he approached the intersection traveling the wrong way on North 8th Street, he saw defendant's car approaching the intersection and stopped peddling. When defendant came to a complete stop, plaintiff sped up and proceeded into the intersection.
Defendant testified she observed no approaching (westbound) Glenmar traffic as she approached the stop sign at North 8th and stopped her vehicle. She stated she looked to her right, the only direction North 8th Street traffic may lawfully travel, and seeing no traffic, proceeded into the intersection and struck plaintiff.
Defendant's middle-right front bumper hit plaintiff's red bicycle just behind the pedal on the right, rear frame and wheel, knocking him off the bike. Plaintiff sustained injuries to his back, neck and right side and extremities in the collision.
The only disputed facts at trial on the issue of liability concerned whether plaintiff was traveling south on the right (west) or left (east) side of North 8th Street and where within the intersection the collision occurred. Plaintiff stated he was on the left (east) side of the road and claimed he was already in the intersection about 10-12 feet from defendant's corner stop sign when defendant pulled out.
Defendant testified plaintiff must have been in her "blind spot" on the right (west) side of North 8th. She stated she looked ahead as she was pulling forward, but did not see plaintiff until immediately before impact. She further testified she was only 3-4 feet into the intersection, still in first gear and traveling less than five miles per hour when contact was made.
The trial court made no specific factual finding concerning which side of North 8th the plaintiff was traveling or where the point of impact occurred. Considering that plaintiff was traveling the wrong way, the trial court specifically found defendant owed no duty to observe illegal traffic. Finding no fault attributable to defendant, the trial court did not reach the quantum issue.
While acknowledging bicyclists are subject to the same traffic law as motor vehicle operators, see e.g., LSA-R.S. 32:194, and that he was going the wrong way on North 8th Street, a violation of LSA-R.S. 32:78, plaintiff essentially contends the trial court erred in finding him solely at fault in causing the accident and in determining defendant owed no duty to look in his direction under the circumstances.[1]
Citing Werner v. Patriot General Ins. Co., 339 So.2d 948 (La.App. 4th Cir. 1976), writ refused, 341 So.2d 1123, and Cloney v. Smith, 441 So.2d 342 (La.App. 5th Cir. 1983), writ denied, 444 So.2d 608 (1984), as controlling the duty issue, defendant contends she is not liable or, alternatively, asserts comparative negligence should be applied because plaintiff was traveling the wrong way and failed to yield. Defendant further contends the preemption doctrine does not apply since plaintiff failed to maintain a proper lookout and entered the intersection when it was neither safe nor reasonable to do so. She argues her percentage of fault, if any, should be minimal.

DISCUSSION
We are mandated to view the evidence in the light that most favorably supports the trial court's judgment. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Bruce *50 v. Williams, 516 So.2d 1183 (La.App. 2d Cir.1987). Each intersectional accident is dependent upon and must be decided on its own facts. Ball v. Marquette Casualty Co., 176 So.2d 799 (La.App. 4th Cir.1965), writ denied, 248 La. 417, 179 So.2d 16. Fault in an intersectional collision is determined by judging the conduct of each motorist under all the circumstances of a particular case. See e.g., LSA-R.S. 32:121.
LSA-R.S. 32:193-197 provide various rules by which a bicyclist must abide. Generally, traffic regulations applicable to motorists apply to bicyclists whenever a bicycle is operated upon any highway. See e.g., LSA-R.S. 32:193. A bicyclist is subject to the same traffic laws as is the driver of a motor vehicle. See e.g., LSA-R.S. 32:194; Gladney v. Cutrer, 440 So.2d 938 (La.App. 2d Cir.1983), writ denied, 443 So.2d 596. Where a roadway is properly designated for one-way traffic, a vehicle shall only be driven in the designated direction. See e.g., LSA-R.S. 32:78 B.
When a motorist stops at a stop sign, he is only performing half of the duty imposed upon him by law. He is additionally required to make a careful evaluation of traffic conditions in the intersection, use ordinary care and refrain from driving therein in the face of obvious or possible danger. Aucoin v. Fidelity General Ins. Co., 219 So.2d 532 (La.App. 3rd Cir.1969), writ refused, 221 So.2d 521; Calk v. Grain Dealers Mut. Ins. Co., 508 So.2d 624 (La. App. 2d Cir.1987).
While a motorist is not the insurer of a bicyclist's safety, he must exercise reasonable care and caution consistent with the prevailing situation. Augustine v. Griffin, 525 So.2d 540 (La.App. 5th Cir. 1988), writ denied, 532 So.2d 118. It is incumbent upon the less favored vehicle to see his way is clear and safe before proceeding across a favored intersection and he is required to see, and yield to, the other motorist's right-of-way. Robertson v. Parquet, 332 So.2d 532 (La.App. 4th Cir.1976).
The physical circumstances of and the parties' conduct leading to this auto-bicycle collision, combined with the trial court's factual and credibility decisions, support the trial court's conclusion that plaintiff here was solely at fault in causing this accident. Guillory v. Keel, 502 So.2d 1159 (La.App. 3d Cir.1987), writ denied, 505 So.2d 1144; Johnmeyer v. Creel, 499 So.2d 571 (La.App. 2d Cir.1986). Under these facts and circumstances, the primary duty to avoid injury from being struck by an automobile while riding a bicycle rested with plaintiff. At this particular intersection, defendant was under a more compelling obligation to look for traffic traveling the correct direction on the one way street. Mugnier v. Checker Cab Co., 309 So.2d 747 (La.App. 4th Cir.1975)
Both parties were familiar with the intersection. Plaintiff had worked in the area for 26 years. He knew the neighborhood, was very familiar with this intersection and was aware he was traveling the wrong way on a one-way street. Defendant, who lived in the area and traveled the same way to work for four years, was also aware North 8th is a one-way street.
Having the directional right-of-way under the facts here presented, defendant had the right to assume traffic laws would be obeyed and that other vehicles would not be traveling in the wrong direction. She is entitled to make this assumption until she sees or should see that the other motorist has not observed or is not going to observe traffic laws. Snyder v. Taylor, 523 So.2d 1348 (La.App. 2d Cir.1988), writs denied, 531 So.2d 267 and 531 So.2d 268; Ogden v. Dalton, 501 So.2d 1071 (La.App. 2d Cir. 1987).
Here, vehicular traffic could only lawfully travel north on North 8th and east and west on Glenmar. Traveling the wrong way on a one-way street obligated plaintiff to anticipate that the defendant would not look in his direction. Defendant testified she observed no oncoming traffic on Glenmar as she approached the intersection and that she did not see plaintiff until immediately before impact. The trial court apparently found defendant's testimony credible.
We distinguish Mugnier v. Checker Cab Co., supra, cited by plaintiff. There, the bicyclist was directly ahead and on the *51 same street as the approaching taxi. When the taxi saw his path was clear to his right on St. Charles Avenue, he began turning left just as the bicyclist attempted to cross St. Charles.
In this case, defendant looked ahead as she approached the intersection. Seeing her way clear ahead and to her right, she entered the intersection after coming to a complete stop. She could not reasonably foresee, nor did she have a duty to anticipate, that plaintiff would violate the law by driving the wrong way on a one way street.
Defendant testified she did not have enough time to avoid the accident once she saw plaintiff in front of her. By then, plaintiff was only a very short distance away and the accident was inevitable and unavoidable. Werner v. Patriot Gen. Ins. Co., supra. The credibility issues were obviously resolved in defendant's favor.
Plaintiff observed defendant come to a complete stop at the stop sign. Thinking he could beat defendant's vehicle into and across the intersection, plaintiff diverted his attention away from defendant's vehicle, whose path he intended to cross.
Plaintiff could not reasonably have believed it was safe to enter the intersection under these circumstances. He unnecessarily placed himself in a perilous situation by crossing in front of defendant's vehicle and attempting to beat defendant across intersection before he knew whether defendant saw him and it was safe to proceed.
Plaintiff's reliance on the preemption doctrine is misplaced. A party asserting the intersectional preemption rule, which contemplates the opportunity of clearing an intersection without obstructing the path of another motorist, must show he entered the intersection sufficiently in advance of the other vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. See e.g., Coleman v. Rabon, 561 So.2d 897, 901 (La.App. 2d Cir. 1990). Where vehicles enter an intersection at or near the same time, the preemption rule does not apply, Cloney v. Smith, supra; Simmons v. Baumgartner, 393 So.2d 904 (La.App. 4th Cir.1981), particularly when one motorist is traveling the wrong way into the intersection.
Implicit in the trial court's ruling is that plaintiff suddenly drove in front of defendant's vehicle immediately before impact and too late for defendant to avoid the collision. Under these circumstances, it is logical to conclude, as defendant testified, the accident occurred so suddenly that she did not even have time to apply her brakes until after the collision.
In light of the conflicting evidence as to where in the intersection the point of impact occurred, the trial court's conclusion that plaintiff failed to prove defendant was at fault is not manifestly erroneous. Rosell v. ESCO, supra. At plaintiff's costs, we affirm.
AFFIRMED.
BROWN, J., dissents with reasons.
BROWN, Judge, dissenting.
The trial court applied an incorrect legal standard to the facts of this case. The trial court's decision was based solely on the legal statement that defendant "had no duty of care to ... any traffic approaching from her left or from the wrong way on the one-way street."
Under the facts of this case defendant should have seen plaintiff approaching and entering the intersection. A driver with the right-of-way can assume the other driver, or as in this case a bicyclist, will yield until he sees or should see the other is not going to yield. Snyder v. Taylor, 523 So.2d 1348 (La.App. 2d Cir.1988), writs denied, 531 So.2d 267 (La.1988) and 531 So.2d 268 (La.1988).
The photographs filed as exhibits depict an open intersection free of any obstructions in a typically quiet residential neighborhood. Defendant testified that she lived in this neighborhood and was familiar with the intersection. She stated that bicyclists of all ages regularly travel this neighborhood. She testified that she stopped and looked to her right and then *52 proceeded to accelerate into the intersection before returning her view forward.
The front passenger side of defendant's vehicle struck the back wheel of the bicycle. Defendant was guilty of negligence in not being attentive to her driving responsibilities and in not looking in the direction she was traveling immediately prior to impact. Mugnier v. Checker Cab Company, 309 So.2d 747 (La.App. 4th Cir.1975). Plaintiff was also negligent and an analysis of comparative fault should be applied.
For these reasons I respectfully dissent.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, HIGHTOWER, VICTORY and BROWN, JJ.
Rehearing denied.
NOTES
[1] Neither party introduced in the trial court the applicable local traffic ordinances. Instead, they rely on provisions of the State Highway Regulatory Act, LSA-R.S. 32:1 et seq., to support their contentions. Since the record indicates the intersectional collision here occurred on public roads, we apply general tort law, receiving guidance from the Act. See e.g., LSA-R.S. 32:1(25), 32:41 and 32:42; Bergeron v. Southern Farm Bureau Cas. Ins. Co., 169 So.2d 407, 409-410 (La.App. 3d Cir.1964); see also Despot v. Stromatt, 488 So.2d 1104, 1106 (La.App. 2d Cir. 1986), Phillips v. State, Dep't. of Institutions, 322 So.2d 888, 889 (La.App. 1st Cir.1975) and Bizette v. Lastilla, 238 So.2d 767 (La.App. 1st Cir.1970).