BROWN, Judge;
dissenting.
The trial court applied an incorrect legal standard to the facts of this case. The trial court’s decision was based solely on the legal statement that defendant “had no duty of care to ... any traffic approaching from her left or from the wrong way on the one-way street.”
Under the facts of this case defendant should have seen plaintiff approaching and entering the intersection. A driver with the right-of-way can assume the other driver, or as in this case a bicyclist, will yield until he sees or should see the other is not going to yield. Snyder v. Taylor, 523 So.2d 1348 (La.App. 2d Cir.1988), writs denied, 531 So.2d 267 (La.1988) and 531 So.2d 268 (La.1988).
The photographs filed as exhibits depict an open intersection free of any obstructions in a typically quiet residential neighborhood. Defendant testified that she lived in this neighborhood and was familiar with the intersection. She stated that bicyclists of all ages regularly travel this neighborhood. She testified that she stopped and looked to her right and then *52 proceeded to accelerate into the intersection before returning her view forward.
The front passenger side of defendant’s vehicle struck the back wheel of the bicycle. Defendant was guilty of negligence in not being attentive .to her driving responsibilities and in not looking in the direction she was traveling immediately prior to impact. Mugnier v. Checker Cab Company, 309 So.2d 747 (La.App. 4th Cir.1975). Plaintiff was also negligent and an analysis of comparative fault should be applied.
For these reasons I respectfully dissent.
APPLICATION FOR REHEARING
Before MARVIN, SEXTON, HIGHTOWER, VICTORY and BROWN, JJ.
Rehearing denied.